BOARD OF MANAGERS OF MICHIGAN SOLDIERS' HOME *v*. JACKMAN.

BOUNDARIES—LOCATION—EVIDENCE—APPEAL.
    A decree finding that a certain fence had been acquiesced in as
    a line fence by the adjacent proprietors for more than 15 years,
    and establishing the true boundary accordingly, was affirmed
    on a review of the evidence.

Appeal from Kent; Wolcott, J. Submitted October 10, 1901. Decided December 3, 1901.

Bill by the board of managers of the Michigan Soldiers' Home against Richard O. Jackman to enjoin the removal of a fence. From a decree dismissing the bill, complainant appeals. Affirmed.

*E. A. Maher*, for complainant.

*Edward G. McBride* (*James E. McBride*, of counsel), for defendant.

MONTGOMERY, C. J. The bill asks that defendant be enjoined from interfering with a fence built by complainant, as it claims, upon its own grounds. The bill was dismissed by the court, with a finding that the fence stands wholly upon defendant's land.

The boundary between complainant's and defendant's land is the north and south quarter line of the section. There is much testimony in the record bearing upon the location of the center post of the section, for the purpose of fixing the boundary. But it is undisputed that a certain old board fence had served as a line fence between the two properties for many years. The testimony is very conflicting, and an attentive reading of the entire testimony has left some doubt in our minds; but, on the whole record, we incline to the opinion that the line as found by

the circuit judge is the correct line, and one which has been recognized by adjacent proprietors for more than the period of the statute of limitations. When we take into view the better opportunity of the circuit judge to decide the question of fact, we feel that we are not authorized to disturb his finding. The same considerations induce us to sustain his holding denying the application for a rehearing.

The decree will be affirmed.

HOOKER, MOORE, and LONG, JJ., concurred. GRANT, J., did not sit.